IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 07-161 |
| vs. | ) | |
| | ) | |
| CHARLES WAYNE MOORE, | ) | |
| | ) | |
| | ) | ORDER |
| Defendant. | ) | |

THE COURT HAS BEFORE IT the following motions: 1) a motion for psychiatric examination, filed by the United States on March 20, 2008 (docket #39); and 2) defendant's request/motion to have his expert, David Lisak, Ph.D., present if and when defendant is examined by the government's mental health expert (docket #52). Both motions/issues have been fully briefed by counsel in filings submitted on or about April 18, 2008.

I.  Motion for Psychiatric Examination and Corresponding Evidentiary Issue

On January 3, 2008, defendant Charles Wayne Moore filed a notice of intent to introduce expert testimony at trial. In response to this Notice, on March 20, 2008, the government filed a motion for psychiatric examination, seeking to have its own expert, a forensic psychologist with the Bureau of Prisons, conduct an independent evaluation. Defendant does not resist the government's motion, and has offered to produce to the government's psychologist the background medical records, witness statements and other materials on which the defense expert, Dr. Lisak, relied in forming his preliminary assessment of defendant.

The parties dispute, however, whether defendant should also be required to share these same materials with the Assistant United States Attorneys assigned to the case. Defendant contends that he has complied in full with Rule 16 of the Federal Rule of Criminal Procedure by submitting a preliminary summary of Dr. Lisak's opinions, the tests upon which he relied in forming his opinions, and his curriculum vitae. Defendant argues that the underlying materials

constitute attorney work product, however, and are otherwise nondiscoverable under Rule 16.

The Court believes it is premature at this juncture to determine whether counsel for the government is entitled to view the background materials at issue. The government's motion for psychiatric examination is granted, with the understanding that defense counsel will share the materials on which Dr. Lisak relied in forming his assessment with the government's expert only. If, after reviewing the final reports of its own expert and Dr. Lisak, the government believes it cannot adequately prepare for sentencing without access to the materials, it may renew its motion at such time.[1]

II.  Whether Defendant has Right to Expert's Presence During Examination

The parties also dispute whether defendant has a right to have his psychological expert, Dr. Lisak, present during the examination to be conducted by the government's expert, a forensic psychologist with the Bureau of Prisons.

    A.  Presence of Expert Witness

Rule 12.2 of the Federal Rules of Criminal Procedure sets forth the procedures to follow once the defendant has placed his mental health at issue. *See* Fed. R. Crim. P. 12.2(c)(1)(B) ("If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court."). Whether to permit the presence of Dr. Lisak during the government's examination appears to rest within the sound discretion of this Court.

The Eighth Circuit does not appear to have ruled on the precise issue at bar. Several other courts, however–including another federal district court within this state–have concluded that an audio-taped recording would sufficiently safeguard the defendant's rights without

---

[1] It is possible the government's expert will agree with substantial portions of Dr. Lisak's conclusions, which would minimize the need for cross examination. The Court assumes defense counsel will supplement her earlier disclosures once Dr. Lisak has formed his final conclusions.

jeopardizing the integrity of the government's evaluation.  *See, e.g., United States v. Fell*, 372 F. Supp. 2d 753, 762  (D. Vt. 2005) (defendant's rights adequately safeguarded through audio-taping of evaluation); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1091 (N.D. Iowa 2005) (same); *United States v. Sampson*, 335 F. Supp. 2d 166, 247-48 (D. Mass 2004) (setting forth criteria for evaluating whether defendant had right to presence of his own expert during government expert examination); *United States v. Kaczynski*, No. CR-S-96-259GEB, 1997 WL 668395, at *3 (E.D. Cal. Oct. 22, 1997) (allowing examinations to be audio-taped and permitting defense counsel to view examinations via live audio or video feed, but denying government request to videotape examinations); *see also United States v. Byers*, 740 F.2d 1104, 1172 (D.C. Cir. 1984) (suggesting in dissent that "a taped record would facilitate constitutional aims without impairing the interview process itself.") (internal citations omitted).

In reaching its conclusion, the *Sampson* court considered three factors to be relevant: 1) the nature of the test; 2) the potential harm to the test's reliability if the defense expert were present; and 3) the reason given by the defense expert and/or defendant for desiring to be present.  *Sampson*, 335 F. Supp. 2d at 247-48.  This same test was subsequently adopted by the court in *Johnson*.  *Johnson*, 362 F. Supp. 2d at 1091.

With regard to the first and second factors enumerated in *Sampson* and *Johnson*, the Court agrees with the government that a mental health examination is highly technical and specialized in nature.  Clearly, any mental health professional would feel constrained if forced to conduct an evaluation in the presence of an opposing expert, and may feel his or her ultimate conclusions were compromised by the opposing expert's presence.  As for the third factor, counsel for defendant argues that because defendant is significantly mentally impaired, Dr. Lisak's presence is needed to relay back to counsel the types of testing procedures used, the questions asked by the government's expert, and the conditions under which the examination was administered.  Although defense counsel's concern is valid, the Court finds that an audio-taped recording of the examination render the expert's physical presence unnecessary.

B. Presence of Defense Counsel

Alternatively, in the event the Court declines to allow Dr. Lisak's presence during the government's expert witness evaluation, counsel for defendant requests that a legal representative from her office be allowed to attend and observe the evaluation. Defense counsel contends that the presence of a legal representative is needed to safeguard defendant's Sixth Amendment right to counsel, as well as his Fifth Amendment right not to incriminate himself.

The impact of a closed evaluation on the defendant's Fifth Amendment rights was considered by the Court in *Sampson*. As explained by the court:

> The defendant could not present expert testimony on his mental condition and yet refuse, on Fifth Amendment grounds, to answer questions put to him by the government's experts. *See* Fed. R. Crim. P 12.2(d); *cf. United States v. Bartelho*, 129 F.3d 663, 673-74 (1st Cir. 1997) (striking defendant's direct testimony because he refused to answer related questions on cross-examination). Defense counsel's presence at the testing would not have been necessary to protect Sampson's Fifth Amendment rights because Rule 12.2 provides that "[n]o statement made by a defendant in the course of any examination conducted under this rule . . . and no other fruits of the statement may be admitted into evidence against the defendant in *any criminal proceeding* except on an issue regarding mental condition" on which the defendant has introduced expert evidence pursuant to Rule 12.2 Fed. R. Crim. P. 12.2(c)(4) (emphasis added); *see* 1983 Advisory Committee Notes (stating that Rule 12.2(c) was written to "reflect the Fifth Amendment considerations" addressed in *Estelle*); *State v. Martin*, 950 S.W.2d 20, 25 (Tenn. 1997) (concluding that Tennessee's version of Rule 12.2 "achieve[s] the balancing of interests stressed" in *Estelle* and thus defendant had no Fifth Amendment right to have defense counsel and experts present at government's examination).

*Sampson*, 335 F. Supp. 2d at 247; *see also Johnson*, 362 F. Supp. 2d at 1078 (quoting *Sampson* and reaching same conclusion). The Court agrees with the *Sampson* court's well-reasoned analysis and concludes that, having placed his mental health in issue, defendant does not have a Fifth Amendment right to have counsel present during the government's corresponding evaluation.

As for his general Sixth Amendment to counsel during the examination, the Supreme Court has held that a defendant's Sixth Amendment rights were not violated by the absence of defense counsel during a mental health evaluation where counsel had been informed of the "nature and scope" of the proceedings, and was on notice "that if . . . he intended to put on a

4

'mental status' defense for [the defendant], he would have to anticipate the use of psychological evidence by the prosecution in rebuttal." *United States v. Buchanan*, 483 U.S. 402, 424-25 (1987).  In the present case, counsel for the government has informed defense counsel that it intends to use as an expert a psychologist from the Bureau of Prisons, who will evaluate defendant for possible post-traumatic stress disorder ("PTSD").  Because defendant himself raised this diagnosis as a possible defense at sentencing, he cannot claim ignorance that the prosecution will attempt to rebut his claims.

Following the above authority, the Court declines defense counsel's alternative request to have a legal representative present during the government's evaluation.

III.   CONCLUSION

For the reasons outlined above, the United States' motion for psychiatric examination is granted (docket #39).  Defendant's corresponding request/motion to have his expert, David Lisak, Ph.D., present at the government's evaluation is denied (docket #52).  Counsel for defendant is requested to produce the background materials at issue to the government's designated witness forthwith.

Additionally, counsel for the government is directed to ensure a reliable audio-tape recording of the entire examination of defendant conducted by its expert witness is made available to defense counsel promptly upon completion of the examination.

IT IS ORDERED.

Dated this 2nd day of May, 2008.

_____
RONALD E. LONGSTAFF, Senior Judge
United States District Court