AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| CHARLES WAYNE MOORE | ) | |
| | ) | Case Number:   4:07CR00161-01 REL |
| | ) | USM Number:   22584-009 |
| | ) | JENNIFFER HORAN |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)    4ss

☐ pleaded nolo contendere to count(s)  
   which was accepted by the court.

☐ was found guilty on count(s)  
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C.1038 (a)(1) | False Information and Hoaxes, a Class D Felony | 09/12/07 | 4ss |

      The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X  Count(s)   1, 1s, 1ss, 2, 2s, 2ss, 3s, 3ss         ☐ is   X are  dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 23, 2009  
Date of Imposition of Judgment

*/s/ Ronald E. Longstaff/*  
Signature of Judge

RONALD E. LONGSTAFF,  SR. UNITED STATES DISTRICT JUDGE  
Name and Title of Judge

March 27, 2009  
Date

AO 245B (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | CHARLES WAYNE MOORE |
| CASE NUMBER: | 4:07CR00161-01 REL |

Judgment — Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 50 months in the Federal Bureau of Prisons to run concurrently to the 24 month sentence in Docket No. 4:02CR00007-01 JMM, and consecutively to the undischarged term of imprisonment in the Arkansas Department of Corrections for Docket Nos. CR 2005-465 and CR 2005-1094 (18 U.S.C. § 3584 and U.S.S.G. § 5G1.3[a]).

x  The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant participate in a residential substance abuse treatment program, mental health treatment, life skills programming, and educational and vocational programs during incarceration.

The Court recommends that, based on Mr. Moore's extensive documentation of substance abuse and mental health issues, he be incarcerated at the Federal Medical Center in Lexington, Kentucky to participate in their specialized Dual Diagnosis Program ("co-occurring disorders program"). This program incorporates the residential substance abuse program (RDAP) and treatment for mental health issues at the same time. See attached brochure of FMC Lexington, Kentucky's Dual Diagnosis Program. If at the time Mr. Moore enters federal custody the FMC Lexington program is not available, the Court recommends that Mr. Moore enter into a similar program offered by the Federal Bureau of Prisons. If no dual diagnosis program or similar program is offered by the Federal Bureau of Prisons at the time Mr. Moore enters federal custody, Mr. Moore should be incarcerated at a federal medical center which also offers the residential substance abuse program and mental health treatment separately. During Mr. Moore's incarceration he shall also participate in life skills and educational and vocational programming.

Mr. Moore was previously sentenced by the Honorable James M. Moody on May 23, 2002, Docket No. 4:02CR007-01 JMM, to 24 months incarceration with a recommendation he be incarcerated at a federal medical center and participate in the residential substance abuse treatment program. During his previous federal commitment, neither recommendation was followed by the Federal Bureau of Prisons.

X  The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B	(Rev. 09/08) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT:	CHARLES WAYNE MOORE
CASE NUMBER:	4:07CR00161-01 REL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHARLES WAYNE MOORE
CASE NUMBER: 4:07CR00161-01 REL

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling and/or residential treatment and shall abstain from the use of alcohol throughout the course of any treatment.

2. The defendant shall participate in mental health counseling under the guidance and supervision of the U. S. Probation Office.

DEFENDANT: CHARLES WAYNE MOORE
CASE NUMBER: 4:07CR00161-01 REL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CHARLES WAYNE MOORE
CASE NUMBER: 4:07CR00161-01 REL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X  Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Dual Diagnosis Program

Federal Medical Center
Lexington, Kentucky
(859) 255-6812

Stephen M. Dewalt, Warden

Dr. Michael Helvey,
Chief Psychologist



Residential Drug Abuse Program

Dr. Kristen Hungness,
Drug Abuse Program
Coordinator, Extension 5526

Sally Hammitt, MSW
Amanda Hughes, MA
Drug Treatment Specialists,
Extension 5537 or 5530

## Referral Procedures

1. Institution DAPC's will need to complete the Dual Diagnosis referral form and e-mail the referral to Dr. Mark Simpson, Mid-Atlantic Regional DAPC and Dr. Hungness. Please email Dr. Hungness if you do not have a copy of the referral form and she will e-mail you a copy.
2. Please fax RDAP Eligibility Interview, all attachments, and a copy of the Pre-Sentence Investigative report to Dr. Hungness at (859) 253-8875.  Dr. Hungness and the referring DAPC may need to correspond to discuss any questions or concerns about the referral.
3. The referral will be reviewed by the DTS, DAPC, Chief Psychologist, Case Management Coordinator, Associate Warden (Programs), and the Warden.  The Warden will ultimately decide whether the inmate will transfer to FMC Lexington for the program.
4. After a decision has been made, Dr. Hungness will notify via email the referring DAPC and Dr. Simpson as to the status of the approval.  Dr. Hungness will provide the referring DAPC with the dates of the upcoming RDAP classes.  The referring DAPC will need to change the Sentry code of DAP WAIT to DAP WAIT D.
5. The referring DAPC will need to notify the inmate's unit team to complete appropriate transfer paperwork.  Dr. Hungness will notify Regional Designation staff, so they are aware of the inmate's need to transfer.
6. Please ensure the inmate arrives at FMC Lexington at least two weeks prior to the start of the RDAP class.

## Admission Criteria

Questions need to be answered affirmatively:

- Does the inmate meet DSM-IV criteria for Axis I substance abuse or dependence and an Axis I mental health disorder?
- Does the inmate meet the diagnostic criteria for mental illness while drug free?
- Is the inmate compliant with psychotropic medication (if applicable)?
- Is the inmate psychiatrically stable enough to be housed within a general population RDAP unit?
- Is the inmate free of violent episodes for one year?
- Does the inmate have the capacity and willingness to follow institution rules?
- Is the inmate free of suicidal ideation?
- Is the inmate free of suicide attempts for the past six months?
- Has the inmate signed agreements to participate in residential and community transitional treatment?
- Is the inmate able to read and write English fluently?
- Is the inmate within 36 months of release with time to complete the program?
- Is the inmate aware of his referral to the dual diagnosis program?

**What is the Dual Diagnosis program and who does it serve?**

The Dual Diagnosis (DD) Program at FMC Lexington consists of 16 beds integrated within the existing Bureau of Prisons Residential Drug Abuse Program (RDAP). The RDAP consists of 500 hours of treatment for the duration of nine months, with inmates entering treatment every three months. FMC Lexington is an administrative/low facility, so inmates with various custody classifications may be housed with approval.

The DD Program serves male inmates within the general population and is designed to provide specialized treatment for inmates who have been diagnosed with both substance abuse and mental health disorders. These inmates enter the DD program through referrals from the DAP Coordinators (DAPC's) at Bureau of Prisons facilities. If for any reason, the inmates do not complete the program after being transferred, they will likely return to their referring institution. The DD program provides the opportunity for inmates to optimally participate in a program they may have otherwise been unable to complete due to their mental health concerns.

**With what common mental illnesses are the inmates in the DD Program diagnosed?**

Participants in the DD Program may have a wide range of mental health diagnoses, including Schizophrenia and Other Psychotic Disorders, Mood Disorders, and Anxiety Disorders.

**What psychiatric care is available to program participants?**

The institution's medical staff afford comprehensive medical care for DD participants. Dr. Growse, Clinical Director, has appointed Dr. Morales to meet with the RDAP staff and the dually diagnosed inmates during bi-monthly consultation regarding medications and psychiatric care. In addition, Dr. Growse supervises the physicians assigned to provide direct medical care for the DD participants. Inmates are treated as out-patients, as there is no longer an inpatient psychiatric unit.

**What types of additional educational and therapeutic programming are provided to the DD participants in the RDAP?**

Inmates participating in the DD Program take part in all activities within the RDAP and are held to the same standards of conduct and behavior as other RDAP participants. A Drug Treatment Staff (DTS) member, who specializes in the treatment of DD participants, offers specialty groups and intensive individual and group therapy to DD participants. They are required to take part in a weekly DD specialty group focusing on mental illness, coping skills, medication maintenance, symptom management, acquisition and utilization of care providers, and reentry into society with a mental illness. DD participants take part in two therapeutic small groups per week. DD participants are monitored daily for medication compliance. They also receive support from inmate mentors in the RDAP.

In addition to the components offered within the RDAP, the following outlines the primary focus for DD participants.

**Phase One: Orientation & Rational Thinking**
- Developing a treatment plan
- Understanding dual diagnoses
- Learning the interaction of mental illness and substance abuse
- Managing mental illness through medication and rational thinking

**Phase Two: Living With Others & Criminal Lifestyles**
- Coping with persistent distressing symptoms
- Developing pro-social behavior and healthy relationships
- Learning not to use mental illness as an excuse for criminal activity

**Phase Three: Lifestyle Balance, Recovery Maintenance, & Transition**
- Developing a recovery maintenance and a mental health decompensation plan
- Acquiring community mental health resources for aftercare
- Learning how to discuss mental health issues with family and care providers

**Aftercare**
- Receiving Follow-Up drug and mental health treatment while residing within the institution
- Receiving Transitional drug and mental health treatment while residing in a Community Corrections Center.